UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
ANN ARBOR

| | | |
|---|---|---|
| **THOMAS E. PEREZ,** Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 2:15-cv-14310-GCS-EAS |
| **MIN & KIM INC., d/b/a SEOUL GARDEN OF ANN ARBOR,** a Michigan corporation, **KOUNWOO HUR,** an individual, and **SUNG HEE KIM**, an individual | ) ) ) ) ) ) ) ) | Hon. George Caram Steeh District Judge Hon. Elizabeth A. Stafford Magistrate Judge |
| Defendants. | ) | |

### SECRETARY OF LABOR'S MEMORANDUM IN SUPPORT OF HIS MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES 4, 5, & 6

The Secretary of the United States Department of Labor ("Secretary") submits the following brief in support of his Motion to Strike Defendants' Fourth, Fifth, and Sixth Affirmative Defenses.

### STATEMENT OF THE ISSUES

This case arises under the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.) [hereinafter "the Act" or "FLSA"], and is brought by the Secretary against Defendants Min & Kim Inc., d/b/a Seoul Garden of Ann Arbor, Kounwoo Hur, and Sung Hee Kim ("Defendants"). The Secretary's Complaint alleges that Defendants violated sections 7, 11, and 15 of the Act by failing to pay

overtime to employees who worked more than 40 hours in a workweek and by failing to make, keep, and preserve adequate and accurate records of employees' general information and hours worked.  The Secretary's action seeks unpaid overtime compensation, liquidated damages, and an injunction for future compliance with the FLSA.

On February 16, 2016, Defendants filed their Answer to the Complaint which asserts eight separate affirmative defenses, many of which would lead to wasteful discovery into immaterial issues that have nothing to do with the Secretary's substantive allegations.  The Secretary now moves to strike five of Defendants' eight affirmative defenses.  Defendants do not object to striking two of these affirmative defenses.  See "[Proposed] Agreed Order to Strike Defendants' Affirmative Defenses 3 & 7," filed concurrently herewith.  The three remaining affirmative defenses are either unavailable against the Secretary as a matter of law, are futile, or are boilerplate allegations that do not provide fair notice to the Secretary.  Striking these defenses will remove unnecessary clutter from this case and serve the efficient administration of justice.

Defendants' Fourth, Fifth, and Sixth Affirmative Defenses are boilerplate affirmative defenses that do not meet the pleading standards of Federal Rule of Civil Procedure 8.  Defendants' Fourth and Fifth Affirmative Defenses –equitable estoppel and unclean hands – are wholly infirm because these doctrines do not apply to this

action brought by the Secretary acting in the public interest.  Finally, Defendants' Sixth Affirmative Defense is futile because it is not a proper affirmative defense.

## CONTROLLING AUTHORITY

Rule 12(f) permits the Court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading.  Fed. R. Civ. P. 12(f). "A defense is insufficient if as a matter of law, the defense cannot succeed under any circumstances." Hill v. Herbert Roofing & Insulation, Inc., No. 13-cv-11228, 2014 WL 234217, at *2 (E.D. Mich. Jan. 22, 2014) (internal quotation marks and citation omitted).  Motions to strike are generally disfavored. Operating Engineers Local 324 Health Care Plan, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)).

"The function of the motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." Id. (quoting Kennedy v. City of Cleveland, 797 F.2d 297, 305 (6th Cir. 1986)); see also Hill, 2014 WL 234217 at *2 (discussing the appropriateness of a motion to strike to streamline litigation).  If "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings," the motion to strike should be granted. Operating Engineers, 783 F.3d at 1050 (quoting Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991)).

In addition, Federal Rule of Civil Procedure 8(b) requires pleadings to contain a short and plain statement of defenses. The Sixth Circuit requires "fair notice" be provided. See <u>Lawrence v. Chabot</u>, 182 F. App'x 442, 456 (6th Cir. 2006) (affirmative defense is sufficient if it "give plaintiff fair notice of the nature of the defense"). District courts in the Sixth Circuit, specifically the Eastern District of Michigan, have also applied the Supreme Court's ruling in <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544 (2007), with equal force to affirmative defenses, making it "clear that labels, conclusions and formulaic recitations are insufficient." <u>Shinew v. Wszola</u>, No. 08-14256, 2009 WL 1076279, at *5 (E.D. Mich. April 21, 2009); see also <u>Safeco Ins. Co. of Am. v. O'Hara Corp.</u>, No. 08-CV-10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008) (<u>Twombly</u> "states a principle that applies also in the context of a defendant asserting an affirmative defense"); <u>United States v. Quadrini</u>, No. 2:07-CV-13227, 2007 WL 4303213, at *4 (E.D. Mich. Dec. 6, 2007) ("[A] wholly conclusory affirmative defense is not sufficient."). As Judge Cleland has stated:

> Boilerplate defenses clutter the docket and, further, create unnecessary work. Opposing counsel generally must respond to such defenses with interrogatories or other discovery aimed at ascertaining which defenses are truly at issue and which are merely asserted without factual basis but in an abundance of caution. The court is aware of only a limited class of defenses that are waived if not immediately asserted. Rule 15 allows for appropriate amendments and counsel should therefore feel no need in this court to window-dress pleadings early for fear of losing defenses later.

<u>Safeco Ins. Co.</u>, 2008 WL 2558015 at *1. Accordingly, boilerplate defenses should be stricken. <u>Id.</u>; accord <u>Heller Fin., Inc. v. Midwhey Power Co.</u>, 883 F.2d 1286, 1294

4

(7th Cir. 1989) (affirmative defenses that "are nothing but bare bones conclusory allegations" do not satisfy Rule 8(b) and should be stricken).

## ARGUMENT

### A. Defendants' Fourth and Fifth Affirmative Defenses are Inapplicable as a Matter of Law and are Boilerplate Allegations

Defendants' Fourth and Fifth Affirmative Defenses – that the Secretary's claims are barred by the doctrines of equitable estoppel and unclean hands – are inapplicable to this case and should be stricken with prejudice. As a general rule, neither of these defenses is available against the government where, as here, the government is suing to vindicate public rights. See, e.g., Pan-American Petroleum & Transport Co. v. United States, 273 U.S. 456, 506 (1927) (rules of equity "will not be applied so as to frustrate purpose of laws or thwart public policy"); accord United States v. Summerlin, 310 U.S. 414, 416 (1940) ("It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights."); Guar. Trust Co. v. United States, 304 U.S. 126, 132 (1938) ("[T]he rule [that the sovereign is exempt from the consequence of its laches] is supportable now because its benefit and advantage extend to every citizen, including the defendant, whose plea of laches or limitation it precludes.").[1]

---

[1] Defendants do not object to striking their laches defense. See "[Proposed] Agreed Order to Strike Defendants' Affirmative Defenses 3 & 7," filed concurrently herewith. The same reasoning should apply to Defendants' equitable estoppel and unclean hands defenses.

The FLSA was enacted "to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1307 (11th Cir. 2013) (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-07 (1945)); accord 29 U.S.C. § 202(a). The Secretary has been charged by Congress to bring suits such as this one in order to protect these important public interests. See, e.g., 29 U.S.C. §§ 216(c), 217. Indeed, the Secretary brings all FLSA enforcement suits not merely to obtain relief for specific employees, but also to protect important public interests that Congress sought to guard in enacting the FLSA. See Chao v. Hospital Staffing Servs., Inc., 270 F.3d 374, 391 (6th Cir. 2001) (recognizing important public interest of restraining future violations of the FLSA's minimum wage and overtime provisions in FLSA "hot goods" action); Solis v. Texas, 488 F. App'x 837, 839 (5th Cir. 2012) ("A suit by the Secretary of Labor under the FLSA is a suit in the public interest, notwithstanding the fact that the money obtained passes to private individuals."). In light of the Secretary's statutory role and the nature of the claims in this case, Defendants' affirmative defenses of equitable estoppel and unclean hands should be stricken.

Moreover, both defenses are bereft of factual support and any showing of how the elements of each defense are met, and as such, they are boilerplate allegations that should be stricken. See Safeco Ins. Co., 2008 WL 2558015 at *1; accord Heller, 883 F.2d at 1294.

6

1. **Equitable Estoppel**

Equitable estoppel is generally not available against the government "except in the most serious of circumstances." United States v. RePass, 688 F.2d 154, 158 (2d Cir. 1982) (citing Schweiker v. Hansen, 450 U.S. 785 (1981) (per curiam)). There is a heavy burden to prove equitable estoppel against the government. Heckler v. Cmty. Health Servs., 467 U.S. 51, 63-65 (1984) ("[I]t is well settled that the Government may not be estopped on the same terms as any other litigant."); see also Gutierrez v. Gonzales, 458 F.3d 688, 691 (7th Cir. 2006) ("The Supreme Court has never affirmed a finding of estoppel against the government."). "Courts particularly do not favor estoppel when the government is acting in a sovereign rather than proprietary role." Housing Auth. of Elliott County v. Bergland, 749 F.2d 1184, 1190 (6th Cir. 1984) (citing Dixon v. United States, 381 U.S. 68, 73 (1965)). In addition to being disfavored as against the government acting in the public interest, any claim of estoppel also requires a showing that the party relied on the government's affirmative misconduct, relied on it reasonably, and changed its position for the worse. See, e.g., Heckler, 467 U.S. at 59-60; Michigan Exp., Inc. v. United States, 374 F.3d 424, 427 (6th Cir. 2004) (party asserting estoppel against the government bears a "very heavy burden" and must demonstrate intentional or reckless misconduct in addition to the other estoppel elements).

Here, Defendants did nothing more than allege that "[s]ome or all of the claims against Defendants are barred, in whole or in part, by the doctrine of equitable

estoppel."  Such a bare bones allegation does not meet the necessary pleading standards under Rule 8 and Twombly, let alone the heightened standard to make a showing of estoppel against the government.  To permit this defense to stand would lead to wasteful litigation.  Safeco Ins. Co., 2008 WL 2558015 at *1.  Moreover, Defendants will not be prejudiced by striking this defense because Defendants can amend their Answer if and when such a defense is supportable. Accordingly, Defendants' boilerplate defense is insufficient and should be stricken.

### 2. Unclean Hands

Although the issue has not been addressed by the Sixth Circuit, the defense of unclean hands should be unavailable to Defendants as a matter of law because the Secretary is acting in the public interest in enforcing the FLSA.  "Courts have been hesitant to allow the defense of unclean hands against the Government when it acts in the interest of the public."  EEOC v. Hibbing Taconite Co., 266 F.R.D. 260, 269 (D. Minn. 2009) (citing cases); accord United States v. Philip Morris Inc., 300 F. Supp. 2d 61, 75 (D.D.C. 2004) (citations omitted) ("When, as here, the Government acts in the public interest the unclean hands doctrine is unavailable as a matter of law."); United States v. Am. Elec. Power Serv. Corp., 218 F. Supp. 2d 931, 938 (S.D. Ohio 2002) (defense of unclean hands unavailable against government "to prevent it from enforcing its laws to protect the public interest"); SEC v. Electronics Warehouse, Inc., 689 F. Supp. 53, 73 (D. Conn. 1988) ("[E]quitable defenses against government agencies are strictly limited."); SEC v. Follick, No. 00 Civ. 4385(KMW)(GWG), 2002

8

WL 31833868, at *8 (S.D.N.Y. Dec. 18, 2002) ("Generally, the doctrine of unclean hands may not be invoked against a governmental agency which is attempting to enforce a congressional mandate in the public interest.").

Even if the unclean hands doctrine is not barred as a matter of law, Defendants' boilerplate defense fails to allege the fundamental requirements of the defense. Defendants fail to allege that the Secretary engaged in any wrongful conduct. "Courts apply the maxim requiring clean hands only where some unconscionable act of one coming for relief as immediate and necessary relation to the equity that he seeks." Society of Lloyd's v. Shields, 118 F. App'x 12, 15 (6th Cir. 2004) (quoting Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245 (1933)). Nor have Defendants alleged that any such wrongful conduct is related to the claims set forth in the Complaint. "The unclean hands doctrine can be applied only to conduct relating to the matter in litigation." Performance Unlimited, Inc. v. Questar Publishers, Inc., 52 F.3d 1373, 1383 (6th Cir. 1995). Further, as with the defense of equitable estoppel, this defense will lead to needless litigation and Defendants can amend their Answer if and when the defense is supportable. Accordingly, Defendants' boilerplate "unclean hands" defense should be stricken.

## B. Defendants Sixth Affirmative Defense is Futile and Boilerplate

Defendants' Sixth Affirmative Defense – alleging the Defendants "are not subject to the jurisdiction of the acts under which Plaintiff has filed this complaint" –

9

is futile and should be stricken. Fed. R. Civ. P. 12(f) (permitting a motion to strike insufficient, immaterial, and impertinent defenses).

The Sixth Affirmative Defense, that Defendants are not subject to the jurisdiction of the FLSA, is not a subject-matter jurisdiction issue to be pled as an affirmative defense. Rather, coverage under the FLSA is an issue going to the elements of the Plaintiff's claim. See Arbaugh v. Y & H Corp., 546 U.S. 500, 511 (2006) ("Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief – a merits-related determination."); Williams v. Hooah Sec. Servs., LLC, 729 F. Supp. 2d 1011, 1013-14 (W.D. Tenn. 2010) (finding individual or enterprise coverage under the FLSA is not jurisdictional). Accordingly, this is not a proper affirmative defense and must be stricken.[2]

Moreover, this defense is nothing more than mere boilerplate that is wholly conclusory and fails to satisfy the pleading standards in Rule 8(b). Quadrini, 2007 WL 4303213 at *4 ("[A] wholly conclusory affirmative defense is not sufficient.").

---

[2] To the extent the Sixth Affirmative Defense is intended to challenge the subject-matter jurisdiction of the Court, Defendants have already admitted in their Answer that jurisdiction is conferred by sections 16(c) and 17 of the FLSA and 28 U.S.C. § 1345. See Answer, response to ¶ 1 (Docket No. 8). Nor is there any reasonable argument that this Court lacks personal jurisdiction over a corporation incorporated within its jurisdiction. See Fed. R. Civ. P. 4(k).

## CONCLUSION

For the foregoing reasons, the Secretary respectfully requests the Court enter an order striking Defendants' Fourth, Fifth, and Sixth Affirmative Defenses with prejudice.

                    Respectfully submitted,

**M. PATRICIA SMITH**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

s/ Brooke E. Worden
**BROOKE E. WORDEN**
Trial Attorney

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Rm. 844
Chicago, IL 60604
Telephone: (312) 353-1218
Facsimile: (312) 353-5698
E-mail: Worden.Brooke.E@dol.gov
Bar Number 6299672 (IL)

Attorneys for Plaintiff, **Thomas E. Perez**,
Secretary of Labor,
United States Department of Labor

**BARBARA L. McQUADE**
United States Attorney

**PETER A. CAPLAN**
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9784
P-30643
Email: peter.caplan@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 7, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

        Cindy Rhodes Victor
        Kus Ryan PLLC
        2851 High Meadow Circle, Suite 120
        Auburn Hills, Michigan 48326

        s/ Brooke E. Worden
        BROOKE E. WORDEN
        Trial Attorney

        Office of the Solicitor
        U.S. Department of Labor
        230 S. Dearborn St., Rm. 844
        Chicago, IL 60604
        Telephone: (312) 353-1218
        Facsimile: (312) 353-5698
        Email: Worden.Brooke.E@dol.gov
        Bar Number: 6299672 (IL)