UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS E. PEREZ,
Secretary of Labor, United
States Department of Labor,

        Plaintiff,

v.

MIN & KIM INC., d/b/a
SEOUL GARDEN OF ANN
ARBOR, KOUNWOO HUR,
and SUNG HEE KIM,

        Defendants.
                                         /

CASE NO. 15-CV-14310
HONORABLE GEORGE CARAM STEEH

## ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 21)

Plaintiff Secretary of Labor Thomas Perez ("Secretary") brought this action for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, against defendant Seoul Garden of Ann Arbor, a Korean and Japanese restaurant, and its owners Kounwoo Hur and Sung Hee Kim (collectively "defendants") for failing to pay their employees overtime and failing to keep adequate records. Now before the court is defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[1] The court shall decide the motion without oral argument pursuant to Local Rule 7.1(f)(2). For the reasons set forth below, defendants' motion shall be denied.

---

[1] Defendants improperly captioned their motion as a motion to dismiss; however, a motion brought under Rule 12(c) is a motion for judgment on the pleadings.

-1-

### A. Background

Because the court is addressing a motion for judgment on the pleadings, the court must accept the allegations of the complaint as true. Accordingly, the facts summarized here are those alleged in the complaint only. Defendants allegedly paid hourly employees a flat day rate or half-day rate for their shifts and did not record hourly rates for their employees. As a result, defendants allegedly did not compensate their employees for overtime when they worked more than 40 hours in a week. Through these allegedly wrongful practices, the Secretary claims defendants violated the FLSA since at least September 11, 2013. Attached to the complaint, the Secretary named seventeen individuals who were denied overtime compensation. (Doc. 1, Ex. A). Of those seventeen individuals, twelve are identified by first and last name, three are identified by first name only, and two are identified by last name only.

### B. Standard of Law

The same standard applies to Rule 12(c) motions as motions to dismiss under Rule 12(b)(6). *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group*, 463 F.3d 478, 487 (6th Cir. 2006). Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "'[N]aked assertions' devoid of 'further factual enhancement'" are insufficient to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570).

To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

### C. Analysis

Defendants argue dismissal is warranted for two reasons: (1) the Secretary failed to plead with sufficient factual particularity as required under *Iqbal* and *Twombly*; and (2) the Secretary's claims are barred by the statute of limitations. Both arguments lack merit.

**1. The Secretary has Properly Pled its FLSA Claims**

Defendants claim that the Secretary has failed to provide factual allegations to support its claims but merely relies on a formalistic recitation of the elements of an FLSA claim. Defendants criticize the Secretary for failing to attach investigative reports, employer records, or other evidence to the complaint. To satisfy the notice pleading strictures of Rule 8(a)(2) as articulated in *Iqbal* and *Twombly*, however, the Secretary is not required to attach to the complaint the sort of evidence defendants contend is needed. The complaint alleges that (1) the FLSA applies to defendants, (2) employees, including those specifically identified in the exhibit attached to the complaint, were not paid for overtime that was due and owing as they were paid a flat day rate or half-day

rate for their shifts, and (3) defendants failed to keep hourly records as required under the FLSA and only recorded whether an employee worked a full-day, half-day, or did not work.  These allegations are not merely a formulaic recital of the elements of an FLSA claim, but are sufficiently detailed to put defendants on notice of the claims against them.

District courts within the Sixth Circuit have uniformly held that *Iqbal* and *Twombly* do not impose a heightened pleading requirement in the context of an FLSA claim. *Roberts v. Corr. Corp. of Am.*, No. 3:14-CV-2009, 2015 WL 3905088, at *4 (M.D. Tenn. June 25, 2015) (collecting cases).  Courts within the Sixth Circuit have consistently held that "detailed factual pleading is not required in the context of an FLSA claim, so long as a defendant is given sufficient notice of the *prima facie* claim that it is being asked to defend."  *Id.* at *7.  One important reason that detailed factual allegations, of the sort defendants argue are required, are not necessary in the FLSA context, is that employment records concerning employees' compensation and schedules are generally in the control of the defendant-employer. *Id.*  In their reply brief, defendants state that the Secretary should be required to identify the employees affected, the exact dates of the violations, the amount of time worked over 40 hours, and the amount of the wages owing.  This level of specificity is not required to satisfy the strictures of Rule 8.  The Secretary has identified seventeen employees allegedly due overtime compensation.  In addition, the Secretary has articulated that defendants' procedure of paying employees a flat rate for either a full-day or a half-day worked, rather than hourly, and improper record keeping based on this flawed system, amounts to violations under the FLSA.  These allegations are sufficient to put defendants on notice of the cause of action

against them and easily satisfy the *Twombly/Iqbal* standards. Accordingly, defendants' motion for judgment on the pleadings shall be denied.

### 2. The Secretary's Claims are Timely

The Secretary filed the complaint on December 11, 2015. The parties agree and the law is clear that the limitations period applicable here, for a non-willful violation of the FLSA, is two years. 29 U.S.C. § 255(a). There also is no dispute that the parties agreed to toll the limitations period from September 11, 2015 to December 11, 2015. Applying the tolling agreement to the statute of limitations period, the alleged violations of the Complaint must have occurred after September 11, 2013 to be timely. The Complaint alleges that defendants' violations of the FLSA have been occurring since at least September 11, 2013. Based on this language, defendants argue that since their alleged violations may have been taking place prior to September 11, 2013, the action is time-barred. This argument is specious. When a plaintiff alleges a violation of the FLSA based on an employer's failure to pay overtime wages, each paycheck that fails to include wages for overtime constitutes a separate violation. Consequently, a new cause of action accrues with the receipt of each paycheck. *Archer v. Sullivan Cnty.*, 129 F.3d 1263, 1997 WL 720406 at *2 (6th Cir. 1997) (unpublished) (citing *Halferty v. Pulse Drug Co., Inc.*, 821 F.2d 261, 271 (5th Cir.), modified on other grounds, 826 F.3d 2 (5th Cir. 1987)); *Knight v. Columbus*, 19 F.3d 579, 581 (11th Cir. 1994). "As such, even if an employer continuously fails to pay overtime wages during the course of employment, each paycheck constitutes a separate violation, and claims based on any paycheck that falls outside the statutory period are barred." *Claeys v. Gandalf, Ltd.*, 303 F. Supp. 2d 890, 894 (S.D. Ohio 2004). Accordingly, every paycheck that falls within

the statutory period from September 11, 2013 to the date of filing is properly pled and falls within the applicable two-year statute of limitations period.

### D. Conclusion

For the reasons set forth above, defendants' motion for judgment on the pleadings (Doc. 21) is DENIED.

**IT IS SO ORDERED.**

Dated:  May 18, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 18, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk