UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, <br> Secretary of Labor <br><br> Plaintiff, <br><br> v. <br><br> MIN & KIM, INC., d/b/a <br> SEOUL GARDEN OF ANN <br> ARBOR, *et al.*, <br><br> Defendant. <br> _____/ | Civil Action No.: 15-14310 <br> Honorable George Caram Steeh <br> Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING DEFENDANTS' MOTION TO COMPEL
RESPONSES TO DEFENDANTS' INTERROGATORIES,
REQUESTS FOR PRODUCTION OF DOCUMENTS AND
<u>RESPONSES TO DEPOSITION QUESTIONS [ECF NO. 56]</u>**

Plaintiff R. Alexander Acosta, Secretary of Labor, brings suit against defendants Min & Kim Inc., d/b/a Seoul Garden of Ann Arbor and individuals Kounwoo Hur and Sung Hee Kim for allegedly violating the Fair Labor Standards Act of 1938 (29 U.S.C. § 201 et seq.). [ECF No. 1]. The Secretary alleges that defendants illegally failed to pay its employees overtime and failed to properly record employee work hours. [*Id.*, PgID 4-5]. Defendants filed a motion to compel various discovery answers, which was referred to this Court for hearing and determination. [ECF Nos. 56,

62].  The Secretary responded by, among other arguments, asserting that the motion to compel is untimely.  The Court agrees.

The Honorable George Caram Steeh entered a scheduling order that stated, "This Court will not order discovery to take place subsequent to the discovery cutoff date."  [ECF No. 19, PageID 87].  Courts have relied upon the same language to deny motions to compel filed after the discovery cutoff.  *Curry v. SBC Commc'ns, Inc.*, No. CIV.A. 06-CV-11728, 2009 WL 728545, at *1 (E.D. Mich. Mar. 19, 2009) (motion to compel filed eight days after discovery cutoff); *Lavigne v. Dow Chem., Inc.*, No. 09-10146-BC, 2010 WL 536912, at *2 (E.D. Mich. Feb. 5, 2010) (motion to compel filed four days after discovery cutoff).  The discovery cutoff in this case was April 14, 2017, and defendants' motion was not filed until May 15, 2017.  [ECF Nos. 50, 56].

Defendants stated in their reply brief that an issue pertaining to the Secretary's invocation of the informer's privilege arose during the April 13, 2017, deposition of Jihong Meng, and that they filed their motion upon receiving the deposition transcript.  [ECF No. 70, PageID 2318].  Meng testified in response to the Secretary's questions that defendants' employees were interviewed, and that none said that they were paid an hourly rate; they said that they were paid monthly.  [ECF No. 56-14,

PageID 2064]. The Secretary relied upon the informer's privilege to object to defendants' subsequent questions regarding the identities of who made those statements. [*Id.*, PageID 2065]. Defendants argue that the Secretary "opened the door" by asking about the employees' statements, and thus waived the informer's privilege. [ECF No. 56, PageID 1875]. Since it appeared that the issue regarding the informer's privilege had ripened only on the eve of the discovery cutoff, the Court told the parties at the June 20 hearing that it would consider defendants' arguments.

But the Secretary then pointed out that, in August 2016, he had informed defendants in response to interrogatories and production requests that he would invoke the privilege, and had produced employee personal interview statements in which all of the names of the interviewed employees were redacted with a stamp that said "Government Informant." [ECF No. 56-2, PageID 1893; ECF No. 56-3, PageID 1901; ECF No. 56-12]. The interview statements were far more detailed than the description of the employees' statements provided by Meng in the deposition, [ECF No. 56-12], yet defendants did not challenge the Secretary's reliance on the informer's privilege at that time. Defendants argue that the Secretary's invocation of his privilege was not proper, [ECF No. 70, PageID 2321-24,

3

referring to ECF No. 68], and that the Secretary has waived any privilege,[1] but even if those arguments had merit, they have been raised too late.

Defendants' untimely motion to compel [**ECF No. 56**] is thus **DENIED**.

s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge

Dated: June 21, 2017

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 21, 2017.

s/Marlena Williams<br>MARLENA WILLIAMS<br>Case Manager

---

[1] The Court finds this argument to be unsustainable. *Perez v. Los Arcos Seafood & Grill, Inc.*, No. 3:12-CV-01133, 2016 WL 1029519, at *10-*12 (M.D. Tenn. Mar. 9, 2016) (describing the circumstances under which the privilege is waived).

4