UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R. ALEXANDER ACOSTA,
Secretary of Labor, United
States Department of Labor,

        Plaintiff,

v.

CASE NO. 15-CV-14310
HON. GEORGE CARAM STEEH

MIN & KIM INC., d/b/a
SEOUL GARDEN OF ANN
ARBOR, KOUNWOO HUR,
and SUNG HEE KIM,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND (Doc. 52)

Plaintiff, Secretary of Labor R. Alexander Acosta ("Secretary"), brought this action for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, against defendant Seoul Garden of Ann Arbor, a Korean and Japanese restaurant, and its owners Kounwoo Hur and Sung Hee Kim (collectively "defendants") for failing to pay their employees overtime and failing to keep adequate records. Now before the court is plaintiff's motion to amend to add eleven employees that defendants allegedly failed to pay overtime owing. Defendants oppose the

-1-

motion on the grounds that they will be prejudiced as discovery has closed and the parties' cross-motions for summary judgment are pending. The court shall decide the motion without oral argument pursuant to Local Rule 7.1(f)(2).  For the reasons set forth below, the Secretary's motion shall be granted but limited discovery shall be reopened and both sides may supplement the pending cross-motions for summary judgment.

Discovery in this matter closed on April 14, 2017.  On May 11, 2017, the Secretary filed his motion to amend to add eleven new employees and to amend paragraph V of the Complaint to conform with the facts identified during discovery, namely to use the terms "salary" or "guaranteed wage" to reflect defendants' pay practices.  The Secretary claims it did not learn that these additional employees were denied overtime pay until discovery responses were served on January 31 and April 13, 2017.  Defendants claim that the Secretary knew the identify of these employees long ago, even before it filed the lawsuit, and that the changes to Paragraph V of the Complaint changes the Secretary's theory of recovery at a late stage of the proceedings.

The Secretary responds that although it knew the identity of the employees, it did not know of any overtime violations relating to those

employees until it received pay and time records in January and April, 2017.  Further, the Secretary claims the changes in paragraph V of the Complaint do not amount to a new theory of recovery, but merely reflect that defendants used the terms "salary" or "guaranteed wage" to describe their pay practices which the Secretary defined as day rate or half-day rate basis prior to discovery.

Defendants argue they would be prejudiced because discovery has closed and dispositive motions were filed on May 15, 2017.  They further argue amendment would be futile because there is no violation of the FLSA to employ an hourly employee as a salaried employee.  Further, defendants argue that they offered to extend the discovery and dispositive motion deadlines so that the Secretary could seek leave to file an amended complaint, but the Secretary refused.

The Secretary responds that there is no prejudice where no new claims or a different type of relief is asserted, defendants declined to depose any employees during the discovery period, no further discovery is necessary as the claims apply to each employee in the same manner, the claims are not futile as defendants failed to properly compute each employee's regular rate and overtime compensation, and defendants never

offered to extend the discovery deadline only the dispositive motion cut-off date. The Secretary also argues that if leave to amend is not granted, the Secretary will file a new Complaint alleging the same violations and seeking the same relief for these other employees, at considerable additional expenses to both parties.

The law is well settled that leave to amend shall be freely given. Federal Rule of Civil Procedure 15(a) provides that once the time period for amending a pleading once as a matter of right has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court explained that:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing parry by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be 'freely given.'

*Id.*

Considering the facts and applicable law, the court deems it appropriate to grant the Secretary's motion to amend subject to the following conditions as set forth below.

IT IS ORDERED that the Secretary's motion to amend (Doc. 52) is GRANTED, discovery shall be reopened for the period ending on September 29, 2017, and both sides may supplement the pending cross-motions for summary judgment in a brief of no more than ten pages to be filed on or before October 27, 2017.

**IT IS SO ORDERED.**

Dated: August 31, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 31, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk