UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R. ALEXANDER ACOSTA,

    Plaintiff,

vs.

MIN & KIM INC. d/b/a
SEOUL GARDEN OF ANN
ARBOR, et al.,

    Defendants.
_____/

Case No. 15-CV-14310
HON. GEORGE CARAM STEEH

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO STAY JUDGMENT PENDING APPEAL (Doc. 96)**

Now before the court is Defendants' Min & Kim, Inc., doing business as Seoul Garden of Ann Arbor, Kounwoo Hur, and Sung Hee Kim's motion to stay judgment pending appeal. For the reasons set forth below, Defendants' request for a stay without posting a supersedeas bond shall be denied, but Defendants are entitled to a stay upon the posting of a satisfactory supersedeas bond.

**I. Background**

On January 22, 2018, this court granted Plaintiff Secretary of the United States Department of Labor's ("Secretary") motion for summary judgment in this suit brought pursuant to the Fair Labor Standards Act

- 1 -

("FLSA") for overtime compensation owing, and entered judgment in the amount of $112,212.85, but denied the Secretary's motion for liquidated damages. Defendants timely filed their notice of appeal, and the Secretary timely filed a notice of his cross-appeal. Since the parties have filed their responses, the Secretary has entered an Abstract of Judgment placing a tax lien on Defendants' property and has filed three applications for a writ of garnishment.

## II. Analysis

### A. Stay as a Matter of Right

When an appeal is pending, a party may obtain a stay pursuant to Rule 62(d) of the Federal Rules of Civil Procedure if a supersedeas bond is posted. The stay is "contingent upon the posting of a supersedeas bond." *Tri County Wholesale Distrib., Inc. v. Labatt USA*, 311 F.R.D. 166, 172 (E.D. Mich. 2015) (quoting *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998)). "Rule 62(d) entitled a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West Publ. Corp.*, 345 F.3d 390, 409 (6th Cir. 2005). The supersedeas bond requirement serves the dual purpose of allowing an appellant to stay a monetary award to preserve the status quo, while also protecting the appellee from the risk of a later uncollectible judgment and

providing him with compensation for injuries which are the natural and proximate cause of the stay. *Tri County*, 311 F.R.D. at 172; *Hamlin*, 181 F.R.D. at 351. A bond "should almost always be required." *Hamlin*, 181 F.R.D. at 351. The requirement is only waived in "extraordinary circumstances." *Tri County*, 311 F.R.D. at 172.

Courts apply the "extraordinary circumstances" exception narrowly, usually requiring either proof that the appellant's "'ability to pay the judgment is so plain that the cost of the bond would be a waste of money,'" or that the bond requirement "'would put [appellant's] other creditors in undue jeopardy.'" *Id.* (quoting *Hamlin*, 181 F.R.D. at 353). Neither circumstance exists here. In fact, the opposite situation may exist, as although Defendants do not detail their financial condition in their motion, they point out that the judgment amount "is not insignificant to defendants, who own and operate one restaurant." (Doc. 96 at PgID 3098). In their Reply, Defendants suggest that their financial condition may be more perilous, stating the stay is desirable "rather than seizing the employer's assets which will force it to close its business operations for lack of operating capital." (Doc. 103 at PgID 3169).

Contrary to Defendants' argument, this concern that Defendants may not be able to satisfy the judgment should it be affirmed suggests that a

- 3 -

supersedeas bond should be required.  Defendants also argue there is no risk that the Secretary will be unable to collect its judgment if it is affirmed on appeal, as the Secretary has already placed liens on Defendants' property and possesses executed writs of garnishment from this court to seize any tax refunds that Defendants would be entitled to receive.  Defendants further argue that a stay is warranted because the Secretary wields greater power than a private litigant to collect on the judgment, because it may collect not only from the business assets, but from the individual Defendants personally.  Defendants, however, have not cited to any case law suggesting that the court considers the supersedeas bond requirement differently in the context of a judgment entered in favor of the Secretary pursuant to the FLSA, and the court is aware of none.

**B.    Stay as a Matter of Discretion**

Despite the lack of proof of the extraordinary circumstances which typically warrant a waiver of the bond requirement under Rule 62(d), Defendants argue that this court may still exercise its discretion to waive the bond requirement.  Indeed, the Sixth Circuit has held that Rule 62(d) "in no way necessarily implies that filing a bond is the only way to obtain a stay.  It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion." *Arban*, 345

F.3d at 409 (internal quotation marks and citation omitted). Defendants argue they seek relief under Federal Rule of Appellate Procedure 8(a) which provides that a party must move first for a stay in the district court. Defendants then urge the court to apply the four-factor test set forth in *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) which requires the court to consider the same factors traditionally considered in granting a preliminary injunction, namely: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. However, *Griepentrog* considered a requested stay of injunctive relief, not a stay of a monetary judgment. This court did not award injunctive relief in this case which suggests that the *Griepentrog* four-factor test is not relevant here. Even if the four-factor test did apply, Defendants have not demonstrated a strong likelihood of success on the merits or irreparable harm.

Defendants argue the judgment entered in favor of the Secretary is likely to be overturned because (1) they paid some of their employees generously, and (2) the Secretary's estimates of overtime compensation

owing were speculative.  As to the first argument, it is not true that all employees were paid generously.  In any event, such is not a defense to the FLSA's overtime compensation requirements.  As to the second argument, under the FLSA's burden shifting paradigm, where the employer's recordkeeping regarding employee compensation is deficient, the Secretary need only show that the work was performed and not properly compensated as a matter of just and reasonable inference. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) *superseded by statute on other grounds* as recognized in *IBP, Inc. v. Alvarez,* 546 U.S. 21, 41 (2005)); *see also* 29 U.S.C. § 211(c).  The Secretary met that burden in this case, and Defendants failed to rebut the Secretary's reasonable inferences with their own evidence.

Moreover, Defendants have failed to show irreparable harm if the stay is not granted.  Defendants argue the funds will be unrecoverable if the Secretary distributes the funds to their current and former employees.  However, the Secretary has assured Defendants and this court that it will not disburse the funds until the appeal is decided.  Based on this assurance, in their Reply, Defendants argue there is no reason for the Secretary to collect the judgment now.  But where final judgment has

entered, and Defendants are unlikely to prevail on appeal, Defendants have not shown that the absence of a stay will lead to irreparable harm.

For the reasons set forth above, the court determines that any stay of judgment must be conditioned upon the posting of a supersedeas bond. The court turns now to the question of the appropriate amount of the supersedeas bond. Courts generally require that the amount of the bond include the full amount owed under the award, anticipated appeal costs, post-judgment interest, and damages caused by the appeal. *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (collecting cases); *Chang Lim v. Terumo Corp.*, No. 11-cv-12983, 2014 WL 2051219, at * 2 (E.D. Mich. May 19, 2014). Here, the judgment amount is $112,212.85, and the Secretary estimates that the full supersedeas bond amount should be at least $135,000. Defendants have not addressed the issue of the appropriate amount of any supersedeas bond, but argue that no bond should be required at all. The court adopts the amount argued by the Secretary which seems a modest estimation of the post-judgment interest to be incurred during the appeal process, appeal costs, and damages caused by appeal.

## III. Conclusion

For the reasons set forth above, Defendants' motion to stay judgment pending appeal (Doc. 96) is GRANTED IN PART in that the judgment will be stayed upon the posting of a supersedeas bond in the amount of $135,000. Defendants' motion for a stay (Doc. 96) is DENIED in all other respects. The judgment in this case shall be STAYED if Defendants' counsel posts a supersedeas bond in the amount of $135,000 within 14-days from the date of this order.

IT IS SO ORDERED.

Dated: July 26, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

Certificate of Service

Copies of this Opinion and Order were served upon attorneys of record on July 26, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---