UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE SCALIA,
Secretary of Labor, United
States Department of Labor,

    Plaintiff,

v.

    CASE NO. 15-CV-14310
    HON. GEORGE CARAM STEEH

MIN & KIM INC., d/b/a
SEOUL GARDEN OF ANN
ARBOR, KOUNWOO HUR,
and SUNG HEE KIM,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST AND ENTRY OF FINAL JUDGMENT [ECF No. 113]

On March 18, 2019, the Court of Appeals for the Sixth Circuit affirmed this Court's decision granting the Secretary of Labor's motion for summary judgment, but remanded for this Court's consideration of the Secretary's request for prejudgment interest. On July 11, 2019, this Court held a telephone status conference. At that time, the Court discussed the mandatory nature of prejudgment interest under binding Sixth Circuit precedent in a Fair Labor Standards Act ("FLSA") case for which unpaid

overtime is awarded, but the court does not impose liquidated damages. On November 7, 2019, the Court entered a stipulation and order finding prejudgment interest shall be awarded in this matter and directing the Secretary to compute and file his proposed prejudgment interest calculations. Objections to the Secretary's calculations, if any, were to be filed within fifteen days.

The parties attempted to resolve the prejudgment interest issue informally but were not successful. On July 17, 2020, the Secretary submitted his prejudgment interest calculations and requested that the Court enter a final judgment in this matter. The Secretary calculated prejudgment interest at a 1% interest rate with interest compounded daily from the date of the violations to November 7, 2019, the date the Court entered the order awarding prejudgment interest. The total amount of back wages owed by defendants is $112,212.83 and the Secretary's calculation of prejudgment interest owed is $4,489.74.

Defendants explain that they originally stipulated to the entry of an order for prejudgment interest in order to put the matter behind them, but they are now facing difficult and unforeseen circumstances due to the COVID-19 pandemic.

Case law in this circuit is clear regarding whether prejudgment interest is owing where unpaid overtime damages are awarded under the FLSA, but liquidated damages are not. "[T]he Sixth Circuit has held that if liquidated damages under FLSA are not awarded, then prejudgment interest must be awarded on backpay from the date the claims accrued." *Cowan v. Treetop Enterprises*, 163 F. Supp. 2d 930, 943 (M.D. Tenn. 2001) (citing *McClanahan v. Mathews,* 440 F.2d 320, 326 (6th Cir. 1971)). Given this clear precedent, the Court finds that the Secretary's calculation of prejudgment interest is fair and equitable.

Accordingly,

IT IS ORDERED that Plaintiff Secretary's motion for order of prejudgment interest (ECF No. 113) is GRANTED.

IT IS FURTER ORDERED that final judgment shall enter in favor of Plaintiff Secretary for $112,212.83 in back wages and $4,489.74 in prejudgment interest.

**IT IS SO ORDERED.**

Dated: August 24, 2020

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE